UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA PARKER | ) <br> ) <br> ) |
|     Plaintiff, | ) <br> ) |
|            v. | )    Civil Action No. 13-0613 (ESH) <br> ) |
| COMPASS GROUP USA, INC., *et al.*, | ) <br> ) |
|     Defendants. | ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Parker brings this suit pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq*. and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*., alleging sex discrimination based on constructive discharge and a sexually hostile work environment. Defendants have moved to dismiss portions of plaintiff's Title VII claims for failure to exhaust administrative remedies. For the following reasons, defendants' motion is denied.

### BACKGROUND

Plaintiff was formerly an employee of defendant Levy Restaurants and worked as a suite attendant at the Verizon Center in Washington, D.C. (Compl. ¶ 1, Apr. 30, 2013 [ECF No. 1].) Her responsibilities included picking up supplies from a food pantry to deliver to suites in the Verizon Center. (*Id.* ¶¶ 17-19.) In 2005, plaintiff complained to her former supervisor, John Craig, about sexual harassment by co-workers in the first-floor pantry. (Charge of Discrimination at 2, July 22, 2013 [ECF No. 13-1] ("Charge").) The harassment included "incessant comments about sex, [about] Ms. Parker performing sexual acts, and [about] Ms.

Parker's body." (Compl. ¶ 22.) Pantry workers would also regularly bring graphic pornographic materials to work and watch pornographic videos on their phones. (*Id.* ¶¶ 26-27.) Plaintiff was moved to the second floor of suites in 2006, but the harassment continued. (*Id.* ¶¶ 30-37.) Though she was mainly assigned to the second- and third-floor suites in the period from 2006-2009, she would regularly come in contact with the first-floor pantry workers and be subject to degrading comments. (*See id.* ¶¶ 38-62.)

In September or October of 2009, plaintiff was moved back to the first floor. (Charge at 2.) On January 15, 2010, plaintiff was subjected to a particularly egregious episode of verbal and physical harassment, which culminated in plaintiff being choked. (*Id.*) After she was released and was able to go tell a manager what had happened, she returned to find ketchup, mustard, and soap in her purse and in the pockets of her jacket. (*Id.*) Later, in the parking garage, plaintiff found two of the tires on her car deflated. (*Id.*) Plaintiff did not feel safe returning to work, and so she did not return to work after that day. (*Id.*)

On February 23, 2010, plaintiff filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") alleging that she had been sexually harassed at work by co-workers from "9/05 th[ru] 1/15/2010." (*Id.* at 1.) Plaintiff also described the discrimination as "Continuing." (*Id.*) Defendants have moved to dismiss portions of plaintiff's Title VII claims for failure to exhaust administrative remedies because she did not detail the evidence supporting these allegations (regarding the period from 2005-2009) in her EEOC Charge.

**ANALYSIS**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts must first assume the veracity of all "well-pleaded factual allegations" contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681

(D.C. Cir. 2009). Next, courts must determine whether the allegations "plausibly give rise to an entitlement to relief" by presenting "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining whether a complaint fails to state a claim, [courts] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which [courts] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Defendants argue that the specific allegations in plaintiff's complaint regarding discrimination occurring between 2005 and 2009 should be dismissed, as they were not raised in her original charge with the EEOC. (Def.'s Mot. to Partially Dismiss Pl.'s Compl. at 1, Jul. 8, 2013 [ECF No. 8-1] ("Mot.").) "Although a complaint in some manner or in some form" must be filed with the EEOC, "it is well settled that a vaguely worded charge is not fatal to a Title VII plaintiff's case." *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33, 49 (D.D.C. 1997). Further, "EEOC complaints are to be liberally construed, because they are often drafted 'by persons unschooled in technical pleading.'" *Id.* (quoting *Shehadeh v. Chesapeake & Potomac Tele. Co.*, 595 F.2d 711, 727 (D.C. Cir. 1978)). But "it is also true that the requirement of some specificity in a charge is not a mere technicality . . . and a liberal interpretation of an administrative charge cannot be used to permit a litigant to bypass the Title VII administrative process." *Caldwell*, 966 F. Supp. at 49 (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted)). "It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exhaust administrative remedies." *Na'im v. Rice*, 577 F. Supp. 2d 361, 370 (D.D.C. 2008).

In deciding whether plaintiff failed to exhaust her administrative remedies, it is important to remember that the principal functions of the EEOC filing requirement are to enable the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation. *De Medina v. Reinhardt*, 686 F.2d 997, 1013 (D.C. Cir. 1982). The claims a plaintiff asserts in an EEOC charge govern the scope of the civil action in that the subsequent suit is limited to claims that are "like or reasonably related to the allegations of the [EEO] charge and grow[ ] out of such allegations." *Ahuja v. Detica Inc.*, 873 F. Supp. 2d 221, 227 (D.D.C. 2012) (quoting *Park*, 71 F.3d at 907) (internal quotation marks omitted). The "exhaustion requirement serves the salutary purposes of (1) providing an opportunity for the administrative investigation of the claimant's allegations; (2) affording the charged party prompt notice of those allegations; (3) promoting the informal resolution of claims; and (4) ensuring the preservation of evidence relating to the claimant's allegations." *Id.* (citing *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1376 (D.C. Cir. 2008); *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 276 (D.D.C. 2011)).

In the instant case, plaintiff provided ample opportunity for the EEOC to investigate the period from 2005 to 2010 and to reach an informal resolution of the claims. Plaintiff's initial Charge complained of sexually harassing behavior by her co-workers, gave a date-range of September 2005 to January 2010, and described the discrimination as "continuing." This was sufficient to provide notice that plaintiff's claim involved sexual harassment during that time period. (See Charge at 2.) Much like *Martinez v. Puerto Rico Federal Affairs Administration*, a "reasonable administrative investigation" would have uncovered the harassment between 2005 and 2010 even if plaintiff did not detail every aspect of it. *See* 813 F. Supp. 2d 84, 93-94 (D.D.C. 2011). Indeed, EEOC received a supporting affidavit from Erica Handleman, a co-worker at the Verizon Center, that specifically stated that the harassment of plaintiff continued

4

when she worked on other floors during the 2005 to 2009 period, either when she had to visit the first floor or when workers from the first floor would go to the second and third floor pantries. (*See* Handleman Aff. ¶¶ 22-26, July 22 2013 [ECF No. 13-3].)

In arguing that the events from 2005 to 2009 should be dismissed, defendants incorrectly appear to require that the specific details underlying the claims of harassment be set forth in the Charge in order to exhaust administrative remedies for that claim. The cases cited by defendant in which a plaintiff's claim was dismissed for having failed to exhaust administrative remedies are factually different from this case. In those cases, plaintiffs added an entirely new and separate claim. *See, e.g.*, *Lane v. Hilbert*, 2004 WL 1071330, at *1 (D.C. Cir. May 12, 2004) (plaintiff's gender-based discrimination claims dismissed because her administrative complaint alleged only racial discrimination); *Park*, 71 F.3d at 907-08 (hostile work environment claim dismissed because plaintiff's EEO complaint alleged only disparate treatment based on sex and national origin); *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (racial discrimination claim dismissed because the plaintiff's EEO complaint only alleged discrimination based on national origin). Here, plaintiff's EEO charge clearly identified sexual harassment as the basis for her claim, and plaintiff's complaint provides details about a history which is reasonably related to and grows out of those allegations.

Defendant attempts to argue that this case is nearly identical to *Asghar v. Geithner*, but in that case the Court concluded that a plaintiff failed to exhaust administrative remedies with regard to incidents that occurred *prior* to those in his charge. 2010 U.S. App. LEXIS 13030, at *2-3 (D.C. Cir. June 22, 2010). In the instant case, plaintiff identified the earliest date of discrimination—2005—and is now adding detail between this time and her last incident at work.

Therefore, the defendants were afforded due notice about the potential for harassment in the interim period.

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that defendant's motion to dismiss [ECF No. 8] is **DENIED**; and it is further

**ORDERED** that an Initial Scheduling Conference is set for **September 10, 2013, at 9:30 a.m**.

                                          /s/
                            ELLEN SEGAL HUVELLE
                            United States District Judge

DATE: August 15, 2013